UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:15cr1 (JAM) |
| VS. | |
| IAN BICK | OCTOBER 13, 2015 |

### DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE TESTIMONY OF NON- INDICTMENT "VICTIMS"

The Defendant Ian Bick moves that the testimony of the non-indictment "victims" be precluded from testimony at trial, or at the least, to have the court instruct the jury that their testimony is not offered for the truth of the matters asserted, and to first require that the government proffer a summary of each such witness along with the purpose of the proposed testimony of each.

Counts 1 through 11 of the Indictment charge the Defendant with Wire Fraud in violation of 18 U.S.C. 1343. Each of the eleven counts names a "victim-investor", with some duplications. There are a total of six different investors in the wire fraud counts.

Although the Government has yet to produce even a proposed trial witness list, from the materials produced it appears likely that an additional twenty or more "victim-investors" will be offered as fact witnesses.

Assuming that the Governmnet identifies a non-hearsay or otherwise relevant purpose for these non-indictment "victims", the Court would likely instruct the jury that their testimony is not offered for the truth of the matters asserted, but for "other purposes".[1]

---

[1] Fed.R.Civ.P. 49(b) specifically allows special interrogatories in civil cases.

However a large volume of such witnesses will render any instruction meaningless and simply by virtue of numbers, will make violate Defendant's Sixth Amendment right to a fair trial. Moreover, a large number of similar "non-indictment" witnesses would be cumulative, as each is anticipated to render similar testimony, based upon the interviews reviewed to date.

Under Rule 403, Fed. R. Evid., if these witnesses are allowed to testify as to "similar conduct by the defendant, the Court needs to determine if their probative value is outweighed by the danger of unfair prejudicial impact, even with a limiting instruction.

Rule 403, Fed R. Evid. Provides as follows

> "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence."

As discussed in *United States v. Figueroa*, 618 F.2d 934, 943 (1980), the Court needs to assess whether or not the prejudicial value of the offer is outweighed by its materiality.

> Evidence is prejudicial only when it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence. See Advisory Committee Note to Rule 403; S. Saltzburg and K. Redden, Federal Rules of Evidence Manual 43 (2d ed. 1978 Supp.). The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant. A prior conviction is material to a defendant's intent (when intent is in issue), but it is also prejudicial to the extent that it also tends to prove a defendant's propensity to commit crimes. When material evidence has an additional prejudicial effect, Rule 403 requires the trial court to make a conscientious assessment of whether the probative value of the evidence on a disputed issue in the case is substantially

> outweighed by the prejudicial tendency of the evidence to have some other adverse effect upon the defendant.

Additionally, the Court then discussed whether or not curative instructions would be effective to limit the jury's considering the evidence for an inadmissible purpose.

> In assessing the risk of prejudice against the defendant, the trial court should carefully consider the likely effectiveness of a cautionary instruction that tries to limit the jury's consideration of the evidence to the purpose for which it is admissible. Whatever the criticism of such instructions, they remain an accepted part of our present trial system.
>
> …the balancing required by Rule 403 for all evidence would not be needed if a limiting instruction always insured that the jury would consider the evidence only for the purpose for which it was admitted. Giving the instruction may lessen but does not invariably eliminate the risk of prejudice notwithstanding the instruction. Rule 403 balancing must therefore take into account the likelihood that the limiting instruction will be observed. This involves no burden upon the conduct of the trial. No jury inquiry is required or appropriate. The trial judge, sensitive to the realities of the courtroom context as in all other trial rulings, must simply include a sound estimate of the likely force of limiting instructions in the overall Rule 403 determination.

Considering the large number of "victim-investors", a limiting instruction would be useless.

Moreover, the introduction of such a large panel of witnesses testifying as to the same non-indictment testimony should be precluded as being cumulative. Each non-indictment "victim" would testify similarly, e.g, that they loaned or invested money with Bick and that it was not returned.  Evidence is cumulative when it replicates other admitted evidence, and the exclusion of relevant, but cumulative, evidence is within the discretion of the trial court. *Hamling v. United States,* 418 U.S. 87, 127, 94 S.Ct. 2887,

2912, 41 L.Ed.2d 590 (1974); *United States v. Ives,* 609 F.2d 930, 933 (9th Cir.), *cert. denied,* 445 U.S. 919, 100 S.Ct. 1283, 63 L.Ed.2d 605 (1980); *United States v. Elksnis,* 528 F.2d 236, 238–39 (9th Cir.1975); *see International Halliwell Mines, Ltd. v. Continental Copper & Steel Industries, Inc.,* 544 F.2d 105, 109 (2d Cir.1976).

For the foregoing reasons, the Defendant moves that the Government be precluded from offering the testimony of the non-indictment "victims" at trial.

        THE DEFENDANT, IAN BICK

        */S/ Jonathan J. Einhorn*

        JONATHAN J. EINHORN
        129 WHITNEY AVENUE
        New Haven, CT   06510
        (203) 777-3777
        Fed Bar No. ct 00163

## CERTIFICATION

I hereby certify that on this 13th day of October, 2015, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicted on the Notice of Electronic Filing.

        /s/ *Jonathan J. Einhorn*
        JONATHAN J. EINHORN